J-S71017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT SANDS, | |
| Appellant | No. 244 WDA 2015 |

Appeal from the Judgment of Sentence August 25, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0009317-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:              **FILED JANUARY 27, 2016**

Appellant, Robert Sands, appeals from the judgment of sentence entered following his convictions of two counts of aggravated assault and one count of carrying a firearm without a license, a violation of the Uniform Firearms Act ("VUFA").  We affirm.

We summarize the history of this case as follows.  On April 17, 2013, at approximately 1:30 p.m., Appellant and Carloto Neal had a confrontation on the street outside of Mr. Neal's home in the East Liberty section of Pittsburgh.  The situation arose from a dispute regarding Appellant's alleged girlfriend.  Mr. Neal's mother, Jennifer Scott, was also present at the time. The incident culminated in Appellant pulling a gun, pointing the firearm at Mr. Neal's face and chest, and ultimately shooting Mr. Neal in the groin. Prior to fleeing the scene, Appellant also pointed the gun at Ms. Scott's face.

In an information filed on August 16, 2013, Appellant was charged with one count of criminal attempt (criminal homicide), two counts of aggravated assault, and one count of VUFA. On March 28, 2014, Appellant proceeded to a nonjury trial and upon motion of defense counsel a mistrial was granted. Subsequently, after new counsel was appointed, Appellant proceeded to a jury trial that commenced on June 16, 2014.

The trial court summarized the remaining procedural history of this case as follows:

> On June 17, 2014, [Appellant] was found guilty of two counts of aggravated assault, [18 Pa.C.S. §] 2702 (A)(1) and [18 Pa.C.S. §] 2702 (A)(4), and carrying a firearm without a license, [18 Pa.C.S. §] 6106 (A)(1).[1] A pre-sentence report was ordered. It was received in time for sentencing on August 25th. At Count 2 - causing serious bodily injury - the Court's sentence was 6-12 years incarceration followed by 8 years of probation. A concurrent 1-2 year period of incarceration was imposed at the remaining two counts.
>
> [1] The jury acquitted [Appellant] of attempted homicide which was Count One in the Information.
>
> On September 3, 2014, a *Motion to Reconsider Sentence* was file[d] along with a separate *Omnibus Post-Sentence Motion*. The reconsideration request was denied on September 4th. Within the *Omnibus [Post-Sentence] Motion* was a request to file a supplemental motion. It was granted. On October 30, 2014, [Appellant] filed his anticipated *Supplemen[tal] Post-Sentence Motion*. On December [1]2, 2014, the Government finally docketed its response. [On January 14, 2015, the Allegheny County Director of Court Records issued an order indicating that the post-sentence motions were denied by operation of law.] On February 11, 2015, this Court authored an opinion addressing [Appellant's] post-sentence arguments. . . . A timely *Notice of Appeal* was docketed on February 10, 2015, and a 1925(b) order followed. [Appellant] timely filed and properly served his *Concise Statement of Matters Complained of on Appeal*.

- 2 -

Trial Court Opinion, 4/6/15, at 1-2 (emphases in original).

Appellant presents the following issues for our review:

I. Did the Trial Court err as a matter of law in determining that there was sufficient evidence to convict [Appellant] of Aggravated Assault?

II. As such, did the Trial Court err as a matter of law in denying [Appellant's] Motion for a New Trial due to the Verdict against the Weight of the Evidence?

III. Did the sentence imposed by the Trial Court violate the Due Process Clause of the Fourteenth Amendment as the sentencing factor was not proven beyond a reasonable doubt?

IV. Finally, were the jury instructions presented by the Judge unconstitutional?

Appellant's Brief at 2.[1]

We first address Appellant's claim that there was insufficient evidence to support his convictions. Appellant's Brief at 6-8. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to prove every element of the offense beyond a reasonable doubt. ***Commonwealth v. Rivera***, 983 A.2d 1211 (Pa. 2009). It is within the

---

[1] Appellant has included in the statement of questions presented at issue number four a claim that the jury instructions were unconstitutional. Appellant's Brief at 2. However, we conclude that the claim is abandoned because Appellant has not developed any argument relating to the trial court's instructions to the jury in the argument section of his appellate brief. Appellant's Brief at 6-12. **See** Pa.R.A.P. 2119(a).

province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. ***Commonwealth v. Cousar***, 928 A.2d 1025 (Pa. 2007). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. ***Commonwealth v. Hansley***, 24 A.3d 410 (Pa. Super. 2011). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. ***Commonwealth v. Ratsamy***, 934 A.2d 1233 (Pa. 2007).

Instantly, Appellant has abandoned any argument concerning the sufficiency of the evidence. Regarding sufficiency-of-the-evidence issues, an appellant must specify the elements upon which the evidence was insufficient in order to preserve the issue for appeal. ***See Commonwealth v. Williams***, 959 A.2d 1252, 1257–1258 (Pa. Super. 2008) (finding waiver where the appellant failed to specify the elements of particular crime not proven by the Commonwealth). ***See also Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (finding claim waived under ***Williams*** for failure to specify either in Rule 1925(b) statement or in argument portion of appellate brief which elements of crimes were not proven beyond a reasonable doubt).

Appellant's Pa.R.A.P. 1925(b) statement presents the following pertinent issue, which fails to specify the elements of the crimes allegedly not proven by the Commonwealth:

8. [Appellant] through undersigned counsel will raise the following claims on appeal:

• The evidence was insufficient as a matter of law to convict [Appellant] of the one (1) count of Aggravated Assault; Pa. C.S. 18 §2702§§A1, one (1) count of Aggravated Assault; Pa. C.S 18 §2702§§A4, and one(1) count of Firearm Not to be Carried Without a License; Pa. C.S. 18 §6106§§A1. The evidence, taken in the light most favorable to the Commonwealth, failed to prove his guilt beyond a reasonable doubt.

Concise Statement (Record Entry 32), 3/18/15, at 2-3.

In addressing this claim, the trial court stated the following:

[Appellant's] initial complaint is the evidence was insufficient to sustain each of the three convictions. *Concise Statement*, paragraph 8 (March 18, 2015). This same argument was made in his *Post–Sentence Motion*. The Court addressed [Appellant's] lack of specificity in its post-sentence opinion. Despite the Court's clue that more will be needed for preservation purposes, [Appellant's] *Concise Statement* fails to deliver. The sufficiency arguments have been waived.

Trial Court Opinion, 4/6/15, at 2 (emphases in original).

Likewise, Appellant has failed to specify in his appellate brief the elements of the crimes that allegedly were not established. Rather, Appellant's argument consists of citation to case law and challenges to the credibility and reliability of the testimony offered by Mr. Neal and Ms. Scott and the lack of physical evidence produced by the Commonwealth. Appellant's argument in this regard ends with the following summation:

Without the firearm, bullets, shell casing, or any further investigation done by the police to corroborate the testimony of Mr. Neal and his Mother, the Commonwealth's evidence was not sufficient to prove [Appellant's] guilt beyond a reasonable doubt. The jury's verdict was in error and [Appellant] should have been acquitted of the charges pertaining to Aggravated Assault under

Section 2702 § §A4, as well as Firearm not to be Carried Without a License pursuant to Section 6106 § §A1.

Appellant's Brief at 8. Consequently, Appellant's non-specific claim challenging the sufficiency of the evidence, which fails to state the exact elements of the particular crimes allegedly not proven by the Commonwealth, is waived. *Williams*.

In his second issue, Appellant argues that the jury's verdict was against the weight of the evidence. Appellant's Brief at 8-10. Appellant alleges that the jury improperly weighed the testimony of Mr. Neal and Ms. Scott and wrongly ignored the lack of evidence to support their version of events. Appellant contends that the jury should have considered the fact that the gun was never recovered, no bullet was recovered from Mr. Neal, no testing was done on the hands of Appellant or Neal to determine who fired the gun, and no photographs or other crime-scene investigatory evidence was presented.

In *Commonwealth v. Clay*, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751-[7]52 (2000); *Commonwealth v. Brown*, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widmer*, 560 A.2d at 319-20, 744 A.2d at 752. Rather, "the role of the trial

judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" **Id**. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Brown**, 538 Pa. at 435, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* **Brown**, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Widmer**, 560 Pa. at 321-[3]22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be

- 7 -

> exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.
>
> *Widmer*, 560 A.2d at 322, 744 A.2d at 753 (quoting *Coker v. S.M. Flickinger Co.*, 533 Pa. 441, 447, 625 A.2d 1181, 1184-[11]85 (1993)).

*Clay*, 64 A.3d at 1054-1055. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879-880 (Pa. 2008).

Our review of the record reflects that the trial court addressed Appellant's challenge to the weight of the evidence supporting his convictions and determined that it lacked merit. Specifically, the trial court stated the following:

> [Appellant's] weight challenge fails to convince. The points he directs our attention to were matters put before the jury and they weighed them and gave them the weight [they] felt appropriate. The jury's acquittal on the most serious charge demonstrates they gave careful consideration to the evidence including those items brought forth by [Appellant's] lawyer.

Trial Court Opinion, 4/6/15, at 2 (quoting Trial Court Opinion, 2/11/15, at 3).

The jury, sitting as the finder of fact, was free to believe all, part, or none of the evidence against Appellant, as was its right. The jury weighed the evidence and concluded Appellant perpetrated the crimes in question.

This determination is not so contrary to the evidence as to shock one's sense of justice. We decline Appellant's invitation to assume the role of fact finder and to reweigh the evidence. Accordingly, we conclude that the trial court did not abuse its discretion in determining that Appellant's weight of the evidence claim lacked merit. Thus, this claim fails to provide Appellant relief.

In his third issue, Appellant argues that the trial court erred in imposing his sentence. Appellant's Brief at 10-12. Specifically, Appellant states that he "was sentenced pursuant to an increased offense gravity score relating to the actual infliction of serious bodily injury, with a score of eleven (11) as opposed to ten (10). In this instance a score of ten (10) instead of eleven (11) would have applied without such an injury." Appellant's Brief at 10. Basically, Appellant contends that an incorrect offense gravity score was utilized by the trial court because the jury should not have convicted Appellant of aggravated assault with serious bodily injury as there was insufficient evidence to support his conviction.

Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Lamonda*, 52 A.3d 365 (Pa. Super. 2012) (explaining claim that sentencing court applied incorrect offense gravity score challenges discretionary aspects of sentencing); *Commonwealth v. Robinson*, 931 A.2d 15 (Pa. Super. 2007) (stating miscalculation of offense gravity score constitutes challenge to discretionary aspects of sentencing);

*Commonwealth v. Archer*, 722 A.2d 203 (Pa. Super. 1998) (determining claim of improper calculation of offense gravity score implicates discretionary aspects of sentencing).

We note that our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Where an appellant challenges the discretionary aspects of a sentence there is no automatic right to appeal, and an appellant's appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Objections to the discretionary aspects of a sentence are generally

- 10 -

waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Id*. (citing ***Commonwealth v. Mann***, 820 A.2d 788 (Pa. Super. 2003)). Moreover, where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review. ***Commonwealth v. Farmer***, 758 A.2d 173, 182 (Pa. Super. 2000).

Herein, the first of the requirements of the four-part test is met because Appellant brought a timely appeal. Likewise, our review of the record reflects that Appellant met the second requirement because he raised a similar challenge in his post-sentence motion.

However, Appellant has not met the third requirement of the test because he failed to comply with the requirements of Pa.R.A.P. 2119(f). Specifically, Appellant has not filed a concise statement of reasons relied upon for the allowance of appeal in his brief. The Commonwealth is aware of the omission and has objected to this deficiency. ***See*** Commonwealth's Brief at 29. Accordingly, because of the fatal defect in the appellate brief and the Commonwealth's objection, we are precluded from reviewing the merits of Appellant's sentencing claim and deem it to be waived. ***Farmer***, 758 A.2d at 182. ***Cf. Commonwealth v. Lutes***, 793 A.2d 949, 964 (Pa. Super. 2002) (holding that if the appellant fails to comply with Pa.R.A.P 2119(f), Superior Court may entertain discretionary sentencing claim if

Commonwealth does not object to the appellant's failure to comply with Pa.R.A.P. 2119(f)).[2, 3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2016

_____

[2] In addition, we note that the jury specifically found Appellant guilty of the crime of "Aggravated Assault: Serious Bodily Injury" under 18 Pa.C.S. § 2702(a)(1). Verdict Sheet, 6/17/14, at 1 (Record Entry 16). Pursuant to the sentencing guidelines, such a conviction carries an offense gravity score of 11. 204 Pa.Code § 303.15. Thus, Appellant's claim that the trial court abused its discretion at the time of sentencing because it applied an incorrect offense gravity score for his conviction of aggravated assault under 18 Pa.C.S. § 2702(a)(1) is belied by the record.

[3] To the extent that Appellant has, on previous occasions, attempted to challenge the legality of his sentence for applying an unconstitutional mandatory minimum sentence as discussed in the Commonwealth's brief, Appellee's Brief at 25-28, our review of the record reflects that the trial court did not impose any mandatory minimum sentence in this case.